(113 N. W. 1031.)

---

THE STATE OF NORTH DAKOTA, EX REL DON MCDONALD, v. H. L. HOLMES, AUDITOR OF THE STATE OF NORTH DAKOTA.

Opinion filed Jan. 8, 1908.

**Supreme Court — Original Jurisdiction — Prerogative Writ.**

1. The supreme court's jurisdiction under the constitution to issue original writs (except those writs necessary to the proper exercise

of its appellate jurisdiction and to aid in its supervisory control over inferior courts) extends only to prerogative writs, viz., in cases publici juris, wherein are directly involved the sovereignty of the state, its franchises or prerogatives, or the liberty of the citizen.

**Same — Discretion of Court.**

2. Whether the court will exercise its extraordinary jurisdiction in cases coming within the above rule is a matter within its sound judicial discretion, depending on the particular facts in each case; but, in cases not within said rule, no discretion is vested in this court.

**Same.**

3. Applying the above well-established rules, it is held that the relator, who is county treasurer of Grand Forks county, is not entitled to invoke the jurisdiction of this court to issue the writ of mandamus to compel the state auditor to issue and deliver to the state treasurer a warrant pursuant to the provisions of chapter 139, p. 185, Laws 1903, being section 9395, Rev. Codes 1905.

Application by Don McDonald, county treasurer, for writ of mandamus against H. L. Holmes, state auditor.

Writ denied.

*J. B. Wineman,* State's Attorney, for relator.
*T. F. McCue,* Attorney General, for respondent.

FISK, J. Upon the application of the relator herein, supported by affidavit, an alternative writ of mandamus was issued by this court, directed to the defendant as State Auditor, commanding him to issue and deliver, or show cause why he has not done so, a state warrant or warrants in the aggregate sum of $100 to the state treasurer to be credited by the latter to the relator in his settlement with such treasurer, pursuant to the provisions of chapter 139, p. 185, Laws 1903, being section 9395, Rev. Codes 1905. This law provides for the payment of a reward of $50 to each person who secures the arrest and conviction of any violator of the provisions of the chapter of the Penal Code prohibiting the unlawful sale of intoxicating liquors in this state. This law provides for the payment of such rewards by the county treasurer upon certificates issued by the state's attorney, and, upon making such payments, the county treasurer is required to take receipts therefor, and forward such certificates and receipts to the state auditor, whose duty it is to issue and deliver a state warrant or warrants

for a corresponding amount to the state treasurer, to be by him credited to such county treasurer in his settlement with him.

The defendant, through the attorney general of this state, made return to said alternative writ, in substance, as follows: (1) The defendant objects to this court taking jurisdiction of the subject-matter, for the reason that the action is prosecuted in the name of a private relator, who is not entitled to prosecute the same in the name of the state of North Dakota. (2) That said chapter 139, p. 185, Laws 1903, was repealed by chapter 187, p. 303, Laws 1907. (3) That chapter 139, p. 185, Laws 1903, aforesaid, is unconstitutional, in that it attempts to appropriate the public funds in violation of the constitution. (4) That no fund has been created by the legislative assembly out of which to pay such reward. To this return the relator has demurred upon the ground that the same fails to state facts sufficient to constitute a defense, and fails to show any cause for not obeying said writ. It will be noticed that the return does not put in issue the truth of any of the facts set forth in the relator's affidavit. Such return, therefore, amounts to a demurrer to the facts set forth in such affidavit, and these facts must be accepted as true for the purposes of these proceedings.

At the threshold of our inquiry, we are confronted with an important question of practice, which requires us to determine relator's right to invoke the original jurisdiction of this court to issue such writ. Counsel for relator contends that this court in State ex rel. Moore v. Archibald, 5 N. D. 359, 66 N. W. 234, settled this question of practice in relator's favor. In that case the relator, who had been appointed to the office of superintendent of the state hospital for the insane by the trustees of that institution, made application to this court in the name of the state for a writ of mandamus to compel the defendant to turn over to him the possession of such office, and, while it is true that the application was granted and the writ was issued as prayed for, it is also true that the court in the very exhaustive and learned opinion by Corliss, J., was careful to place the decision solely upon the ground that the exercise of its original jurisdiction, under the facts of that case, was necessary "to uphold the sovereignty of the state against a direct attack upon it in a matter of great public importance." We quote from the opinion as follows: "While the contest is nominally between two individuals claiming the office of the superintendent of

the state asylum, the real question involved is whether a state board—the board of trustees of the asylum—shall be allowed to exercise that portion of the sovereignty of the state vested in it by the statute giving the board the general management and control of this state institution, and the power to remove at any time the superintendent, and appoint a new superintendent in his place. Rev. Codes 1905, section 992. This institution received a large appropriation of state funds, and is placed by the legislature under the control of a board of trustees. It certainly concerns the sovereignty of the state, not remotely and in a trifling particular, but directly and in a very important sense, whether one citizen shall defy the sovereignty of the people, and, by retaining his office of superintendent after removal, usurp to that extent the control of a great and expensive state institution. This court does not give relief in this case out of any consideration for the private rights of the relator, but solely to uphold the sovereignty of the state against a direct attack upon it in a matter of great public importance." It will be seen that the court in that case expressly found that the sovereignty of the state was not remotely, but directly, concerned in defendant's attempt, after his removal, to usurp the rights and prerogatives pertaining to the office of superintendent of this important state institution. This court has repeatedly had occasion to pass upon the question here involved, and has uniformly held that a writ such as that prayed for in these proceedings will not issue out of this court in the exercise of its original jurisdiction, except as a prerogative writ. Before such writ will be issued (except in aid of the appellate jurisdiction of this court or in the exercise of its supervisory control over inferior courts) the facts must disclose "a case publici juris affecting the sovereignty of the state, its franchises and prerogatives, or the liberties of its people," and leave to file an application for such writ should ordinarily be made by the attorney general in the name of the state. Such was the rule announced in State v. Nelson County, 1 N. D. 88, 45 N. W. 33, 8 L. R. A. 283, 26 Am. St. Rep. 609, and the practice there established has been strictly adhered to ever since by this court. See State v. Archibald, supra; Elevator Co. v. White, 11 N. D. 534, 90 N. W. 12; State v. Wilcox, 11 N. D. 329, 91 N. W. 955; State v. McLean County, 11 N. D. 356, 92 N. W. 385; and State v. Nohle (N. D.) 112 N. W. 141.

Do the facts in this case justify this court, under the rule thus established, in entertaining relator's application? We think not. While it is true, as argued by relator's counsel, that the people of the entire state are specially interested in the enforcement of the law, we fail to see how the sovereignty of the state, its franchises and prerogatives, or the liberties of its people are directly concerned in these proceedings. The direct and immediate object sought to be accomplished by the writ prayed for is to enable the relator, who is treasurer of Grand Forks county, to obtain a credit of $100 in his settlement with the state treasurer. Incidentally, no doubt, the relator's purpose and that of his counsel is to obtain an adjudication by this court of certain questions of interest to the whole state; but, no matter how desirable or laudable this purpose may be, we cannot assume the exercise of jurisdiction contrary to the intent of the framers of the constitution, and this, we clearly would do, under the prior decisions of this court above cited, should we issue the writ in this case. As we view the question, there is no discretion vested in this court to be exercised either in granting or refusing the writ, but it is a question involving our constitutional right to exercise such jurisdiction at all. But, even if we possessed a discretion, we know of no reason why relator should not be required to seek his redress in the usual forum rather than to invoke the extraordinary jurisdiction of this tribunal. The chief function of this court is the exercise of appellate jurisdiction, and we must not permit this function to be impaired by the exercise of jurisdiction in cases not contemplated by the framers of the constitution.

Entertaining these views, it would be improper for us to notice the merits of the case.

The alternative writ will be quashed. All concur.