STATE OF NORTH DAKOTA EX REL. ANDREW MILLER, Attorney General, and Thos. Connell, A. E. Thacker, O. H. Johnson, M. H. Miller, G. G. Thompson, F. M. King, August Short and C. W. Shumaker, Relators, v. ADAM NORTON, John K. Olafson, Wm. Bigwood, Jos. Morin, and F. C. Myrick, Members of the Board of County Commissioners of the County of Pembina, State of North Dakota, and as Such Members of Said Board of County Commissioners of Pembina County, North Dakota.

(127 N. W. 717.)

Opinion filed September 23, 1910.

'Application by the State for the issuance by the Supreme Court of a prerogative writ to enjoin County Commissioners of Pembina County from submitting to the electors of such county the question of the removal of the county seat from the City of Pembina to the city of Cavalier.

Writ denied, and order to show cause quashed.

*Ball, Watson, Young & Lawrence,* for appellants.

*D. J. Laxdahl* and *George A. Bangs,* for respondents.

PER CURIAM. Relators have petitioned this court to assume jurisdiction in this proceeding for the purpose of issuing its prerogative writ enjoining defendants, as county commissioners of Pembina county, from submitting to the electors of such county at the ensuing general election the question of the removal of the county seat of such county from the city of Pembina to the city of Cavalier. An order to show cause was issued returnable on September 22d, at which time counsel for defendants, in effect, stated that they did not desire to raise any objection to the exercise by this court of its original jurisdic-

Note.—As to original jurisdiction of court of last resort in cases that do not involve exercise of superintending control, see State ex rel. Goodwin v. Nelson County, 8 L.R.A. 283; People ex rel. Bentley v. McClees, 26 L.R.A. 646; State ex rel. Adams County v. Cunningham, 15 L.R.A. 561; People ex rel. Kocourek v. Chicago, 58 L.R.A. 833; People ex rel. Miller v. Tool, 6 L.R.A.(N.S.) 822; State ex rel. Rinder v. Goff, 9 L.R.A.(N.S.) 916; People ex rel. Graves v. District Ct. 13 L.R.A.(N.S.) 768; State v. Pacific Exp. Co. 18 L.R.A.(N.S.) 664; State ex rel. McCue v. Blaisdell, 24 L.R.A.(N.S.) 465.

tion, and that they joined with relators' counsel in requesting that this court exercise its discretion in favor of assuming jurisdiction and disposing of the controversy upon its merits. As we view the matter, there is an insurmountable obstacle which prevents us from complying with counsel's request. The Constitution of this state, which defines and limits the jurisdiction of this court, confers on us the exercise of no discretion in the premises. As repeatedly held by us, our jurisdiction to issue original writs (except those writs necessary to the proper exercise of appellate jurisdiction and to aid this court in its supervisory control over inferior courts) extends only to prerogative writs, and that such writs will issue only in cases publici juris wherein are directly involved the sovereignty of the state, its franchises or prerogatives, or the liberties of the citizens. State ex rel. McDonald v. Holmes, 16 N. D. 457, 114 N. W. 367, and cases cited; State ex rel. Steel v. Fabrick, 17 N. D. 532, 117 N. W. 860; and State ex rel. Murphy v. Gottbreht, 17 N. D. 543, 117 N. W. 864, and cases cited. Only in rare instances has this court deviated from the above rule. The case of State ex rel. Steel v. Fabrick affords such an instance. There exceptional circumstances were presented creating an exigency or emergency imperatively demanding the exercise of original jurisdiction by this court in order to obviate a great injustice. The facts presented a question *publici juris,* but affecting directly the citizens of a county merely, and the court, following intimations to that effect in certain prior decisions, held that such a situation may justify the issuance of the prerogative writ. In State ex rel. Murphy v. Gottbreht, which involved a controversy over an attempt to remove a county seat, the court expressly declined to exercise original jurisdiction. Whether the facts of a particular case bring it within the rule or the exception as above stated so as to warrant the issuance of a prerogative writ is not a matter calling for the exercise of a discretion. The rule is inflexible, and will be applied as the test to the facts in each case. If the facts present a case permitting the exercise of original jurisdiction, then the court is clothed with a discretion, and, as held in State ex rel. McDonald v. Holmes, supra, "whether the court will exercise its extraordinary jurisdiction . . . is a matter within its sound judicial discretion depending on the particular facts in each case."

Applying these rules to the facts presented in relators' application,

we are agreed that this court is without jurisdiction to issue the writ prayed for, and therefore there is no room for the exercise of any discretion. We are unable to concur in the views of counsel that this case may be differentiated on principle from State ex rel. Murphy v. Gottbreht, supra.

Writ denied, and order to show cause quashed.