JOHN LYNCH, L. M. BYRNE and W. H. BROWN, Petitioners, v. THE DISTRICT COURT OF WARD COUNY, NORTH DAKOTA, the HON. JOHN C. LOWE, Judge thereof, and E. F. TUEPKER, Respondents.

(185 N. W. 303.)

**Prohibition — lies only when inferior court or body has no jurisdiction, or is about to act in excess of jurisdiction**

A writ of prohibition is not a process for the correction of errors. Such writ lies only when there is no jurisdiction in the inferior court or body or when the inferior court or body is about to act in excess of jurisdiction.

Opinion filed October 21, 1921.

Original application to the Supreme Court for the issuance of a writ of prohibition.

Writ denied.

*Fisk, Murphy & Nash,* for petitioners.

*Funke & Eide,* for respondents.

ROBINSON, J. This is an application for a writ of prohibition to the district judge of Ward county to restrain him from proceeding under a writ of certiorari by him issued to the respondents. The petitioners are the police magistrate and police officers of the city of Minot. On May 16, 1921, a stranger named J. W. Baker made before the magistrate an affidavit:

"That stolen property, to wit, a Buick car, is present upon the following described premises: Lots 17 and 18 of block 21 in Brooklyn addition to the city of Minot—that the keeper of said stolen property is to this affiant unknown."

The affidavit does not state that Baker knows anything of the car, its ownership, its value, or that he has any interest in the matter. However, the magistrate issued a warrant "to search the above-described

premises for said stolen car and to bring it forthwith before me (the magistrate) at my office in the city of Minot." Under that warrant the chief of police made return thus:

"I made search of the premises and took into my custody one Buick roadster and one Buick Six touring car."

Then one Della Marsh proved that she owned the Buick Six and it was released to her. Now it appears the Buick roadster was taken from the possession and the garage of E. F. Tuepker, and on his affidavit the writ of certiorari was issued. The affidavit was made on August 11, 1921, and it shows, among other things, that the police officers took and retained possession of said roadster and used it as their own car, and that they failed to make an inventory of the car and failed to deliver any inventory to said Tuepker, from whose possession he took it; that the magistrate failed to take any testimony in regard to the facts stated in such warrant or to reduce the same to writing, and that in several other respects the magistrate and police officers wholly failed to comply with the law; also that the police officers did remove from the car the license tags and an extra tire, which they used on other automobiles.

The writ of certiorari commands respondents to certify and return to the district court of Ward county all the records and proceedings in regard to the Buick roadster, and in the meantime to desist from using the same. By statute—§ 8445, Comp. Laws 1913 (Laws 1919, c. 76)— the writ of certiorari may be granted by the Supreme Court and any district court when inferior courts, officers, boards, or tribunals have exceeded their jurisdiction and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, also when it is deemed necessary to prevent a miscarriage of justice. If it appeared to the district judge, as we presume it did, that the search warrant was issued without a proper showing, that no proper return was made to the magistrate or judgment rendered by him, and that the parties taking the roadster were using it as their own, that was cause sufficient for issuing the writ. By the Constitution unreasonable searches and seizures are forbidden. A warrant of seizure may not issue but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person or thing to be seized. § 18. Respondents object that certiorari is not the proper remedy, and that a replevin suit would be a much better remedy, but to such a suit a valid objection would

be that it is a collateral attack on the official action of the magistrate, while the certiorari affords the only direct, plain, speedy, inexpensive, and adequate remedy.

Hence the petition for the writ of prohibition is denied and dismissed.

GRACE, C. J., concurs in the result.

CHRISTIANSON, J. (concurring). Our statutes provide:

"The writ of prohibition is the counterpart of the writ of mandamus. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." § 8470, C. L. 1913.

"It may be issued by the Supreme or district court to an inferior tribunal, or to a corporation, board or person in all cases, when there is not a plain, speedy and adequate remedy in the ordinary course of law." § 8471, C. L. 1913.

It is patent that, under these provisions, prohibition lies only when there is no jurisdiction in the inferior court or body, or when the inferior court or body is about to act in excess of jurisdiction. The question here is: Do the facts presented by the petition in this case show that the district court has no jurisdiction or has or is about to exceed its jurisdiction? I think not.

"Jurisdiction does not depend upon the correctness of the decision made. * * * 'Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question. Nor is this jurisdiction limited to making correct decisions. It empowers the court to determine every issue within the scope of its authority, according to its own view of the law and the evidence, whether its decision is right or wrong.' Foltz v. St. Louis & S. F. Ry. Co., 60 Fed. 316, 8 C. C. A. 635." Christenson v. Grandy, 180 N. W. 18, 22.

The district court has jurisdiction to issue writs of certiorari to justices of the peace and other inferior courts, officers, boards, or tribunals. Const. N. D. § 103; § 8445 C. L. 1913.

The district court also has jurisdiction over proceedings wherein a

search warrant has been issued by a justice of the peace or other magistrate. Our statutes provide:

"A search warrant must be executed and returned to the magistrate by whom it was issued within ten days." § 11139, C. L. 1913.

"The officer must forthwith return the warrant to the magistrate, and deliver to him a written inventory of the property taken." § 11141, C. L. 1913.

"The magistrate must annex together the depositions, the search warrant and return and the inventory, and return them to the next term of the district court having authority and jurisdiction to inquire into the offense in respect to which the search warrant was issued, at or before its opening on the first day." § 11146, C. L. 1913.

If the papers required to be returned by a magistrate to the district court are not so returned, there can be no question but the district court has power to require the magistrate to forthwith transmit such papers to the district court. When the magistrate makes such return to the district court, of course, jurisdiction is transferred to that court, and it becomes vested with jurisdiction in the matter, and doubtless has power to make proper disposition of the property seized under the search warrant. If it should appear that the return made is incomplete and that the magistrate has not returned all the papers, the district court doubtless has power to require the magistrate to make a more complete return.

From the petition for the writ of prohibition in this case it appears that the search warrant was issued by the justice of the peace on May 16, 1921, and that it was executed by the police officer and returned by him to the justice of the peace on that same day; also that "the search warrant and affidavit" on which it was issued were returned to and filed with the clerk of the district court on August 10, 1921. In these circumstances it seems to me that a writ of prohibition will not lie. Such writ is not a process for the correction of errors. Even the improper decision of a jurisdictional question is not ground for the writ where the inferior court had jurisdiction to determine that question. 23 A. & E. Ency. L. 203. The writ does not lie merely because the inferior court makes or is about to make an erroneous decision relating to the remedy where it has general jurisdiction of the subject-matter and the remedy which is being invoked.

Spelling says:

"The plain import of all the authorities is that, if the inferior tribunal

have jurisdiction to issue the writ, or make the order, a mistaken exercise of the jurisdiction, or a misapplication of this acknowledged jurisdiction, even though the case made by the petition is fatally defective, will not justify a resort to the extraordinary process of prohibition." Spelling, Extr. Relief, § 1728.

In the American & English Encyclopedia of Law (23 A. & E. Ency. L. pp. 200-202) it is said:

"Where the inferior court has jurisdiction of the matter in controversy, prohibition will not lie. The writ does not lie to prevent a subordinate court from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate, and it matters not whether the court below has decided correctly or erroneously; its jurisdiction of the matter in controversy being conceded, prohibition will not lie to prevent an erroneous exercise of that jurisdiction. The exercise of power which it is sought to prohibit must be wholly unauthorized by law. Mere errors or irregularities in the proceedings which do not go to the jurisdiction will not be considered upon an application for a writ of prohibition. The sole question is as to the jurisdiction of the inferior court to take the proposed action, and the merits of the action will not be considered."

I express no opinion as to whether certiorari will lie to review the proceedings had before, and the determination made by, a magistrate on a search warrant, and whether it would be error for a district court to make or attempt to make such review.

BIRDZELL and BRONSON, JJ., concur with CHRISTIANSON, J.