STATE OF NORTH DAKOTA EX REL. N. A. WIFF, Relator, v. A. G. SORLIE, S. G. Severtson, A. W. Engel, and H. A. Fischer, as the Depositors' Guaranty Fund Commission of the State of North Dakota, Defendants.

(212 N. W. 829.)

**Courts — original jurisdiction of supreme court.**
    1. The original jurisdiction of the supreme court cannot be exercised to vindicate merely private rights.

**Certiorari — does not lie — Depositors' Guaranty Fund Commission.**
    2. Certiorari will not lie to review the action of the Depositors' Guaranty Fund Commission in passing upon the merits of claims of alleged depositors against the depositors' guaranty fund.

Opinion filed March 15, 1927.

Banks and Banking, 7 C. J. § 15 p. 485 n. 82 New.  Courts, 15 C. J. § 535 p. 1105 n. 84, 86.

---

Annotation.—(1) Original jurisdiction of Supreme Court, when exercised, see 7 R. C. L. 1076; 3 R. C. L. Supp. 504; 4 R. C. L. Supp. 510.
    (2) As to when certiorari will lie to review proceeding of inferior tribunal, see 5 R. C. L. 250; 1 R. C. L. Supp. 1344.

Original application in this court by the state on the relation of N. A. Wiff for the issuance of a writ of certiorari.

Writ denied.

*Halvor L. Halvorson,* for relator.

*George F. Shafer,* Attorney General, and *John Thorpe,* Assistant Attorney General, for defendants.

NUESSLE, J.  This is an original application for a writ of certiorari. The application is based upon the action of the Depositors' Guaranty Fund Commission in rejecting the claim of the relator, Wiff, as a depositor in an insolvent bank, against the depositors' guaranty fund.

The application for the writ sets forth that the relator was the holder of a certain certificate of deposit on the Mohall State Bank at the time this bank became insolvent and closed its doors on November 18th, 1920. The Guaranty Fund Commission on auditing the deposits held that relator's certificate should be in part rejected for the reason that it represented an exchange of credits and not a bona fide deposit. Thereafter the relator in accordance with the provisions of § 17, chapter 200, Sess. Laws 1923, demanded a hearing before the commission for the purpose of establishing his claim as a depositor.  A hearing was accordingly ordered and held.  Testimony was offered and received touching the claim.  On the record as made the commission again held that a portion of the certificate represented merely an exchange of credits and not a deposit and to that extent rejected the claim.  The application further recites that in rejecting the claim the commission acted illegally and irregularly; that the relator has no speedy, adequate or complete remedy at law; that no appeal lies from the decision of the commission rejecting the claim and that the only remedy available to the relator is through the writ of certiorari; and the relator prays that the action of the commission rejecting his claim be reversed and set aside and said claim be adjudged a valid and subsisting claim against the fund.

The attorney general of the state of North Dakota, appearing on behalf of the defendants as the Depositors' Guaranty Fund Commission, objected to the issuance of the writ on the grounds: First, that the showing as made by the petitioner was not such as to justify the exercise of original jurisdiction on the part of this court and, next,

that the facts as set out in the application are not in any event suf-
ficient to warrant the issuance of a writ of certiorari.

We are of the opinion that the challenge of the attorney general
must be sustained and the writ denied. The original jurisdiction of
this court cannot be exercised to vindicate merely private rights. It
does not appear from the showing as made by the relator that the ques-
tion sought to be presented affects the sovereignty of the state, its
franchises, prerogatives, or the liberties of its people. The decisions
of this court are conclusive against the relator in this respect. See
Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16; State ex rel. Linde
v. Taylor, 33 N. D. 76, L.R.A.1918B, 156, 156 N. W. 561, Ann. Cas.
1918A, 583; State ex rel. Steel v. Fabrick, 17 N. D. 532, 117 N. W.
860.

Aside from the question of the right of the relator to invoke the
original jurisdiction of this court he is not on the showing as made
entitled to the relief sought. Certiorari will not lie to review the
action of the Depositors' Guaranty Fund Commission in passing upon
the merits of claims of alleged depositors against the depositors' guar-
anty fund. See Standard Oil Co. v. Engel, ante, 163, 212 N. W. 822;
Bishop v. Depositors' Guaranty Fund Commission, ante, 178, 212 N.
W. 828.

Writ denied.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., con-
cur.