STATE of North Dakota ex rel. Leslie R. BURGUM, Attorney General, State of North Dakota, Plaintiff,

v.

NORTH DAKOTA HOSPITAL SERVICE ASSOCIATION, a Corporation, of Fargo, North Dakota, Defendant.

No. 7925.

Supreme Court of North Dakota.

Dec. 12, 1960.

Leslie R. Burgum, Atty. Gen., Wesley N. Harry, Asst. Atty. Gen., and W. J. Austin, Special Asst. Atty. Gen., for plaintiff.

Nilles, Oehlert & Nilles, Fargo, and J. F. X. Conmy, Bismarck, for defendant.

John F. Lord, Mandan, amicus curiae.

STRUTZ, Judge.

This is a proceeding in which the State of North Dakota, on application of the Attorney General, the Honorable Leslie R. Burgum, has petitioned this court for a prerogative writ of injunction. Facts alleged by the State on which it petitions for such prerogative writ are, briefly stated, as follows:

The defendant is a North Dakota non-profit corporation, engaged in writing hospital service contracts under a State statute which provides that contracts for hospital service with persons purchasing the same shall be subject to the approval of the Insurance Commissioner. In his petition, the Attorney General alleges that the defendant has altered provisions of its contract by changing the coverage and by increasing its premiums, all without the approval of the Insurance Commissioner. The petition prays that this court issue its prerogative writ of injunction enjoining the defendant, its officers, agents, and representatives, from so modifying the contract which had previously been approved by the Insurance Commissioner and, further, enjoining the defendant from increasing the premiums under such contract without first obtaining the formal approval of the Commissioner.

This matter comes before us on an order to show cause, and the sole question for us to determine is whether this court, under the facts alleged in the petition, would be warranted in exercising its original jurisdiction and in authorizing the commencement of an original proceeding in this court for the purpose of obtaining a prerogative writ of injunction. The merits of the controversy between the parties are in no way involved in this proceeding.

In its return, the defendant objects to this court's assuming original jurisdiction and moves to quash the order to show cause. We therefore are compelled to determine whether the facts presented by the petition of the Attorney General would justify this court, in the exercise of its sound, judicial discretion, in taking original jurisdiction in this matter.

The Constitution of this State gives to the Supreme Court general appellate jurisdiction and superintending control over all other courts of the State. Section 86, North Dakota Constitution. It further gives to this court jurisdiction to issue certain prerogative writs necessary to the proper exercise of its jurisdiction, including the writ of injunction. Section 87, North Dakota Constitution.

The jurisdiction of the Supreme Court to issue writs in the exercise of its prerogative jurisdiction has been held to extend only to questions involving the sovereignty of the State, or the prerogatives of the State, or the liberties of its people. State v. Fabrick, 17 N.D. 532, 117 N.W. 860.

This court will not exercise original jurisdiction unless the interests of the State are directly affected. Therefore, before this court will exercise original jurisdiction, it must appear that the matter to be litigated is publici juris, or that the sovereignty of the State, or its franchises, or prerogatives, or the liberties of its people are directly involved. And, to warrant the exercise of original jurisdiction of this court, the interests of the State must be primary, not merely incidental. State v. Archibald, 5 N.D. 359, 66 N.W. 234; State v. Nelson County, 1 N.D. 88, 45 N.W. 33, 8 L.R.A. 283; State v. Fabrick, 17 N.D. 532, 117 N.W. 860.

"Public interest" means more than mere public curiosity. To be a matter involving public interest, something must be involved in which the public, the community at large, has an interest or a right which may be affected.

In the matter before us, we have the private interests of a large number of residents of this State involved. A private interest cannot be made a public interest merely because a large number of persons have that interest. This court has held that the original jurisdiction of the Supreme Court does not depend on the number of parties interested, or upon the amount involved. State ex rel. Conrad v. Langer, 68 N.D. 167, 277.N.W. 504. Neither would the fact that the authority of a constitutional officer has been flouted make the matter one involving the sovereignty of the State. A constitutional officer is a part of

the government, and the government is but the machinery for expressing the will of the sovereign power, the State. City of Bisbee v. Cochise County, 52 Ariz. 1, 78 P.2d 982, at page 986.

If the hospital service sold by the defendant constituted a monopoly, and the defendant were the only source from which this service could be obtained, we might conceivably have a matter in which the public interest would be involved. There are, however, many types of hospital service available to the public. If the contract offered by the defendant is not what the public wants, or if the rates are unreasonable, other contracts for hospital service are available. Generally, however, litigation involving private rights, no matter how many persons may be affected, does not present a case for the exercise of the prerogative jurisdiction of this court.

The facts presented by the petition in this case are not sufficient to invoke the original jurisdiction of this court in defense of either the public interest, the prerogatives of the State or its franchises, or the liberties of the people. To invoke original jurisdiction of this court, the interests of the State must be primary, not secondary or remote. State v. Nelson County, supra.

The question before us is of concern to a large number of residents of the State of North Dakota, but we cannot see that it directly concerns the State. The mere fact that the defendant is guilty of some illegal act, if in fact that is true, would not be enough to warrant the issuance of a prerogative writ. Surely this court could not assume original jurisdiction in all matters where it is claimed that the laws of the State are being or have been violated.

Since the sovereignty of the State, or the public interest, or the prerogatives of the State or its franchises, or the liberties of its people are not affected by the failure of the defendant to secure the approval of the Insurance Commissioner for a change of benefits or for an increase in premiums before putting the same into effect, the motion to quash the order to show cause is granted and the petition for a prerogative writ of injunction is denied.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.