**STATE of North Dakota ex rel. E. K. JENKINS, INCORPORATED, Petitioner,**

v.

**Lloyd OMDAHL, Tax Commissioner; and Walter Christensen, Treasurer of the State of North Dakota, Respondents.**

No. 8279.

Supreme Court of North Dakota.

Nov. 23, 1965.

Cox, Pearce, Engebretson, Murray & Anderson, Bismarck, for petitioner.

Helgi Johanneson, Atty. Gen., Paul M. Sand, Asst. Atty. Gen., and Kenneth M. Jakes, Sp. Asst. Atty. Gen., Bismarck, for respondent.

STRUTZ, Judge.

This is a proceeding in which the petitioner, a private relator and taxpayer of this State, makes application to this court for a prerogative writ of prohibition, bringing such proceeding in its own behalf and in behalf of all taxpayers similarly situated. Prior to bringing this proceeding, the petitioner had requested the Attorney General of the State to bring it, but such request was denied.

The petitioner alleges that the respondent Lloyd Omdahl, as State Tax Commissioner, is collecting and will continue to collect taxes under a ruling of the Attorney General that use taxes could be substituted for and collected in lieu of sales taxes on the expiration of the sales tax law on July 1, 1965. The petitioner further alleges that there is no authority in law for such collection of use taxes and that, if the law does in fact authorize the substitution of the use tax for the expired sales tax, such law is unconstitutional and in violation of Section 175 of the North Dakota Constitution. The petitioner further alleges that, unless this court takes original jurisdiction and issues its prerogative writ restraining the respondent Walter Christensen, as State Treasurer, that officer will transfer monies collected as use taxes to the General Fund and that the relator thereby will be denied its rights. The petitioner further alleges that it has no plain, adequate, and speedy remedy at law; that the matter presented is of great public interest; and that the issuance of the writ prayed for by the relator would prevent a multiplicity of suits.

This matter comes before us on an order to show cause, and the first question for us to determine is whether the Supreme Court, under the facts alleged in the petition, would be warranted in exercising its original jurisdiction and in authorizing the commencement of an original proceeding in this court for the purpose of obtaining a prerogative writ.

The Attorney General of the State, appearing in behalf of the respondents, objected to the issuance of such prerogative writ, on the ground that the showing made by the petitioner was not such as to justify the exercise of original jurisdiction on the part of this court.

The Constitution of the State of North Dakota gives to the Supreme Court general appellate jurisdiction and superintending control over all other courts of the State. Sec. 86, N.D. Constitution. It further gives to this court authority to issue certain prerogative writs necessary to the proper exercise of its jurisdiction. Sec. 87, N.D. Constitution. This authority to issue writs, in the exercise of its prerogative jurisdiction, has been held to extend only to questions involving the sovereignty of the State, its prerogatives, or the liberties of its people. State ex rel. Steele v. Fabrick, 17 N.D. 532, 117 N.W. 860; State ex rel. Burgum v. North Dakota Hospital Service Ass'n (N.D.), 106 N.W.2d 545. Such original jurisdiction will not be exercised to vindicate or protect mere private rights, no matter how important. State ex rel. Conrad v. Langer, 68 N.D. 167, 277 N.W. 504; State ex rel. Wiff v. Sorlie, 55 N.D. 182, 212 N.W. 829.

The original jurisdiction of the Supreme Court may be invoked only in behalf of and in the name of the State itself. Even when, as in this case, such suit is

instigated by a private relator, it is not the private relator's suit. It is the suit of the State of North Dakota. Ordinarily, the application for a prerogative writ is presented by the Attorney General, who is the chief law officer of the State. In this case, he refused to bring the proceeding. His failure or refusal to act does not bar an application to this court, however, by a proper relator, and, when the facts presented warrant such action, we will grant such private relator the right to institute the action. In such case, the private relator merely brings the public injury to the attention of the court, and this court, under the power granted to it by the Constitution, commands that the suit be brought by and for the State.

It is well settled that the Supreme Court will not, however, exercise its original jurisdiction to vindicate mere private rights, regardless of how important those rights may be. State ex rel. Wiff v. Sorlie, 55 N.D. 182, 212 N.W. 829; State ex rel. Conrad v. Langer, 68 N.D. 167, 277 N.W. 504. Such jurisdiction is reserved for the use of the State itself, when it appears to be necessary to vindicate or protect its prerogatives or franchises or the liberties of its people. The mere fact that it might be more desirable to determine such questions in this court does not warrant or justify the Supreme Court's taking original jurisdiction, when there are other courts having adequate jurisdiction in all other respects to pass on the issues presented. As we have heretofore stated, this court will entertain its prerogative jurisdiction only if there is presented to it matters which are of strictly public concern and which involve the sovereignty of the State or its franchises or privileges, or the liberties of its people. And, to warrant the exercise of such jurisdiction, the interests of the State must be primary and proximate, not indirect or remote.

The matter before us in this proceeding is, at best, a taxpayer's suit. The relator is not even a resident of the State of North Dakota, and, while there may be some question as to its right to invoke the prerogative jurisdiction of this court, that question need not be decided in this proceeding. Here, the relator brings this proceeding for itself and for others similarly situated. At best, all such parties are taxpayers who contend that the taxes complained of are invalid and are being collected illegally. Thus the relator-taxpayer, or the group of taxpayers similarly situated, are the parties to the litigation and they represent in this proceeding, not the public, nor the State, nor the people of the State; they represent themselves as taxpayers and they bring this proceeding, not to vindicate any public rights, but to protect their own private interests.

We are of the opinion that the challenge of the Attorney General must be sustained and the writ denied. We repeat—the original jurisdiction of this court may not be exercised to vindicate mere private rights. It does not appear, from the showing made by the relator, that the question presented directly affects the sovereignty of the State, its franchises or prerogatives, or the liberties of the people. The decisions of this court are conclusive against the relator in this regard. State ex rel. Conrad v. Langer, 68 N.D. 167, 277 N.W. 504; State ex rel. Wiff v. Sorlie, 55 N.D. 182, 212 N.W. 829; State ex rel. Steele v. Fabrick, 17 N.D. 532, 117 N.W. 860.

The application for an alternative writ of prohibition must be, and it is, denied.

BURKE, C. J., and STRUTZ, ERICKSTAD and TEIGEN, JJ., concur.

KNUDSON, J., did not participate.