STATE of North Dakota on relation of Lester DeKREY, Robert Chesrown, William Fischer, Robert F. Martin, Dorval Schmidt, Dan Winter, Dr. David G. Jaehning, Dr. Jack Pfister, and Dr. Charles Lindbergh, Petitioners,

v.

M. F. PETERSON, Superintendent of Public Instruction of the State of North Dakota, Byron Dorgan, State Tax Commissioner of the State of North Dakota, Helgi Johanneson, Attorney General, State of North Dakota, Odin J. Wold, County Auditor, County of Richland, and Alma Kremer, County Auditor, County of Emmons, Respondents.

Civ. No. 8610.

Supreme Court of North Dakota.

Jan. 16, 1970.

Rausch & Chapman, Bismarck, for petitioners.

Helgi Johanneson, Atty. Gen., and Gerald W. VandeWalle, Asst. Atty. Gen., Bismarck, for respondents M. F. Peterson, Byron Dorgan, and Helgi Johanneson.

Larry M. Hatch, State's Atty., of Emmons County, Linton, for respondent Alma Kremer.

Robert L. Eckert, State's Atty., of Richland County, Wahpeton, for respondent Odin J. Wold.

PAULSON, Judge.

This is a proceeding wherein certain relators on behalf of the State of North Dakota petition for an original writ of mandamus compelling Odin J. Wold, County Auditor of Richland County, North Dakota, and Alma Kremer, County Auditor of Emmons County, North Dakota, and each and every other auditor in the State of North Dakota in appropriate circumstances, to certify as having passed by a majority vote any school election for the current taxable year in which the approval of an excess levy was sought from the voters in a school district; and the same relators further pray for a writ of injunction against M. F. Peterson, Superintendent of Public Instruction of the State of North Dakota, Byron Dorgan, Tax Commissioner of the State of North Dakota, and Helgi Johanneson, Attorney General for the State of North Dakota, enjoining them from counseling county auditors with regard to the validity of the 60 per cent requirement necessary to authorize an excess levy set forth in § 57–16–05 of the North Dakota Century Code, upon the ground that § 57–16–05 is in contravention of the Fourteenth Amendment of the United States Constitution.

This court issued its order directing the respondents to show cause why the relators' petition for a writ of mandamus and for a writ of injunction should not be granted, and why this court should not assume original jurisdiction in the proceedings. The hearing on the order to show cause was held at 2:00 p. m. on December 11, 1969, and at that time the attorneys for the respective parties presented oral arguments to the court.

The allegations set forth in the petition do not appear to be in dispute. The relators allege that they are residents, citizens, and taxpayers of the State of North Dakota and that they had requested the Attorney General of the State of North Dakota to bring this proceeding, but that he had refused to do so. This proceeding is predicated on the following sequence of events. An election was held in Wahpeton Public School District #37 on September 23, 1969. The school district desired to secure a 75 per cent excess levy over the legal limit for a school district levy. There were 1,126 affirmative votes cast at the election for the increased levy and 791 negative votes cast against it. The percentage in favor of the increase was 58.-737. The election board of Wahpeton Public School District #37 officially certified to the County Auditor of Richland County that the levy had been passed with a favorable vote in excess of 50 per cent. The county auditor, Odin J. Wold, refused to extend the excess levy upon the tax lists of the school district because the 60 per cent affirmative vote was not obtained, pursuant to § 57–16–05, N.D.C.C.

On September 30, 1969, an election was held in Linton Public School District #36. The school district was interested in securing a 50 per cent excess levy over the legal limit for a school district levy. There were a total of 1,072 votes cast at the election of which 570 votes were in favor of and 502 votes were opposed to such 50 per cent excess levy. The election board of Linton Public School District #36 did not officially certify the results of the election to the county auditor, and she was not requested to extend the excess levy upon the tax lists.

It is further alleged that other county auditors in the State, in counties in which school districts have conducted excess levy elections, have refused, pursuant to the advice and directives of the Attorney General, the Superintendent of Public Instruction, and the State Tax Commissioner, to

spread excess levies upon the tax lists because the voters in those respective school districts failed to approve an excess levy by the 60 per cent vote required by § 57-16-05, N.D.C.C.

It is further alleged that § 57-16-05, N. D.C.C., violates the Fourteenth Amendment of the United States Constitution for the reason that elections by which a majority of the voters in the respective school districts favor an excess levy should be certified and that the respective county auditors should be required to extend such approved tax increase upon the tax lists of each of the respective school districts.

■■■ The respondents in their return object to this court assuming original jurisdiction, and move to quash the order to show cause. It therefore becomes necessary to determine whether the allegations presented by the petitioners in this proceeding will justify this court in assuming original jurisdiction. The constitutionality of § 57-16-05, N.D.C.C., is not being determined in this proceeding. Section 86 of the North Dakota Constitution provides that the Supreme Court, except as otherwise set forth in the Constitution, shall have appellate jurisdiction only. Section 87 of the North Dakota Constitution provides that the Supreme Court shall have the power to issue:

"* * * writs of habeas corpus, mandamus, quo warranto, certiorari, injunction and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, and shall have authority to hear and determine the same * * *."

This court, in the case of State ex rel. Moore v. Archibald, 5 N.D. 359, 66 N.W. 234 (1896), held that because similar writs have been authorized by the Constitution to be issued by the district courts, the power granted to the Supreme Court is limited to those cases involving the sovereignty of the State, its prerogatives or franchises, or the liberty of the citizen. This rule has been stated in many other decisions of this court. State ex rel. Burgum v. North Dakota Hospital Service Ass'n, 106 N.W.2d 545 (N.D.1960); State ex rel. Murphy v. Gottbreht, 17 N.D. 543, 117 N.W. 864 (1908); State ex rel. Steele v. Fabrick, 17 N.D. 532, 117 N.W. 860 (1908). See 165 A.L.R. 1431. This limitation upon original jurisdiction does not mean that a private citizen or a corporation may not, as a relator, apply to the Supreme Court for an original writ. The State lends the aid of its prerogative writs to private corporations and citizens in all proper cases. In such cases, however, the interest of the State must be direct and not collateral. State ex rel. Burgum v. North Dakota Hospital Service Ass'n, *supra*; and State ex rel. Moore v. Archibald, *supra*. A relator is not entitled to a prerogative writ as a matter of right, even in a case within the purview of the original jurisdiction of the Supreme Court. Whether this court will exercise its extraordinary jurisdiction in cases coming within the above rule is a matter within its sound judicial discretion, depending upon the facts in each particular case. State ex rel. Foughty v. Friederich, 108 N.W.2d 681 (N.D.1961); State ex rel. Lyons v. Guy, 107 N.W.2d 211 (N.D. 1961); State ex rel. McDonald v. Holmes, 16 N.D. 457, 114 N.W. 367 (1908). Original writs will be issued at the request of a private relator only in exceptional cases, and then only when the Attorney General has first been requested to institute proceedings and has refused to do so or has unreasonably delayed any action thereon. State ex rel. E. K. Jenkins v. Omdahl, 138 N.W.2d 439 (N.D.1965); State ex rel. Lyons v. Guy, *supra*.

The primary matter to be considered is whether this proceeding involves the sovereignty of the State of North Dakota. This court has found, in a number of decisions, that the sovereignty of the State was sufficiently involved in those proceedings for this court to assume original jurisdiction. State ex rel. Lyons v. Guy, *supra* [right to hold office]; State ex rel. Lein v. Sathre,

113 N.W.2d 679 (N.D.1962) [apportionment]; State ex rel. Olson v. Welford, 65 N.D. 522, 260 N.W. 593 (1935) [removal of state officer]; State ex rel. Shaw v. Thompson, 21 N.D. 426, 131 N.W. 231 (1911) [method of election of city commissioners]. This court has also found that the sovereignty of the State was not involved in a proceeding, and did not assume original jurisdiction. State ex rel. Burgum v. North Dakota Hospital Service Ass'n, *supra* [insurance contract not approved by insurance commissioner]; State ex rel. E. K. Jenkins v. Omdahl, *supra* [taxpayer suit]; State ex rel. McArthur v. McLean, 35 N.D. 203, 159 N.W. 847 (1916) [right to political office]; State v. Nelson County, 1 N.D. 88, 45 N.W. 33, 8 L.R.A. 283 (1890) [constitutionality of bond issue in county]; State ex rel. Amerada Petroleum Corporation v. North Dakota Public Service Commission, 79 N.W.2d 297 (N.D.1956) [validity of order of Public Service Commission]; State ex rel. Murphy v. Gottbreht, *supra* [concerning the change of location of a county seat].

The relators' primary argument is premised upon §§ 147, 149, and 151 of the North Dakota Constitution. These sections direct that the legislative assembly shall enact legislation providing for the establishment and maintenance of a public school system to obtain a high degree of intelligence, patriotism, integrity, and morality on the part of every voter in a government by the people to insure the continuance of that government and the prosperity and happiness of the people; and providing that in all schools instruction shall be given as far as practicable in those branches of knowledge that tend to impress upon the mind the vital importance of truthfulness, temperance, purity, public spirit, and respect for honest labor of every kind; and to take steps necessary to prevent illiteracy, to secure a reasonable degree of uniformity in course of study, and to promote industrial, scientific, and agricultural improvements.

The relators contend that even though the Legislature, mindful of these goals, has established school districts and has provided financing of such districts, the Legislature has failed to provide the type of financing by which such school districts may implement the levy of additional taxes without the approval of at least 60 per cent of the voters. Thus, the relators urge, the implementation specified by the Legislature becomes an issue which directly involves the sovereignty of the State of North Dakota.

■ The relators concede that the Legislature has established levies for each classification of school districts. The relators further claim that the effectiveness of the school districts in promoting and expanding their educational programs, which are within the ideals set forth in the North Dakota Constitution, is being restricted by the statutory requirement of approval of an excess levy by a 60 per cent vote where such proposed excess levy is not less than 25 per cent nor more than 75 per cent over the statutory limitation. We believe that the requirement for a 60 per cent affirmative vote for approval of an excess levy for school purposes does not involve the doctrine of the sovereignty of the State, because the approval or disapproval of such levy would not affect the continuing function of a political subdivision of the State and the school districts will continue to function even though an excess levy is not approved by the voters of a particular district. Furthermore, not all of the school districts in the State of North Dakota are directly affected by § 57–16–05, N.D.C.C., because some districts are adequately financed within the regular mill levy; some have an unlimited excess mill levy; and others have been successful in securing the 60 per cent approval by the voters in their particular districts. The Legislature has further provided for the operation of free public schools, as set forth by the North Dakota Constitution. The sovereignty of the State is not affected by this controver-

sy, because not all of the school districts of this State are directly involved, the excess levies are of local interest, the public interest is not involved, and the mandates of the Constitution have been fulfilled. State ex rel. Steele v. Fabrick, 17 N.D. 532, 117 N.W. 860 (1908); State ex rel. Murphy v. Gottbreht, 17 N.D. 543, 117 N.W. 864 (1908).

It is further urged by the relators that this court may exercise original jurisdiction even though sovereignty is not directly involved and especially where there are exceptional circumstances to justify the assumption of original jurisdiction. This court held, in the case of State ex rel. Williston Herald, Inc. v. O'Connell, 151 N.W.2d 758 (N.D.1967), and in the case of State ex rel. Steele v. Fabrick, *supra,* that exceptional circumstances were present in such cases and thus the court exercised its original jurisdiction. Relators contend, therefore, that the proceedings in the case at bar come within the exceptional-circumstance doctrine, and further contend that the district court would not be able to perform any additional function which this court could not perform. The thrust of the relators' argument is that the allegations are not in dispute and, accordingly, there is only a question of law presented to this court for its determination. In support of this argument, the relators contend, first, that the question of law involves the constitutionality of a statute; and, second, that the district court does not have the power to pass upon the constitutionality of a statute. We are not persuaded by this argument, since the district court has the inherent power to declare a statute unconstitutional. Section 103, N.D.Const. See City of Carrington v. Foster County, 166 N.W.2d 377 (N.D.1969); Brenna v. Hjelle, 161 N.W.2d 356 (N.D.1968); Montana-Dakota Utilities Co. v. Johanneson, 153 N.W.2d 414 (N.D.1967); Verry v. Trenbeath, 148 N.W.2d 567 (N.D.1967); 15 A.L.R. 331. The power of the district court to declare a statute unconstitutional was not in issue in any of these cases, and this court did not question the jurisdiction of the district court to pass upon the constitutionality of a statute. The district court is one of the primary bulwarks in our judicial system. The framers of our Constitution contemplated and designated the district court as a court of general jurisdiction. The Supreme Court is fundamentally an appellate court. If this court were to assume original jurisdiction in all cases presented to it, the basic function and jurisdictional scope of the trial court would be severely limited. When controversies are litigated in the district court, this court has the benefit of the research, experience, and legal knowledge of the learned members of the trial bench, as well as of the adversaries representing their respective litigants.

The relators further urge that this court should assume jurisdiction of this case because the tax levies are being spread on the tax lists and the 1969 taxes resulting from the imposition of an excess levy will not be levied even though § 57–16–05, N.D.C.C., is declared unconstitutional. This court is fully cognizant of the fact that the tax levies for 1969 have already been spread upon the tax lists and that tax statements have already been forwarded to many taxpayers of this State. This argument is without merit, since the mere fact that delays might occur if legal proceedings are instituted in the district court and that an appeal might be taken to this court from the district court does not present such exceptional circumstances as would constitute a reason for issuing a writ of injunction and a writ of mandamus by this court to compel the respondents to act in accordance with the request of the relators.

For reasons stated in the opinion, the petition for a writ of mandamus and for a writ of injunction is denied, and the motion to quash is granted.

TEIGEN, C. J., and ERICKSTAD, STRUTZ and KNUDSON, JJ., concur.