SUNBEHM GAS, INC.; A. G. Golden; and Deka Minerals, a partnership, Petitioners,

v.

John Steven LESMEISTER, State Treasurer, Respondent.

Civ. No. 10047.

Supreme Court of North Dakota.

July 20, 1981.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for petitioners; argued by Frank J. Magill, Fargo.

Kenneth M. Jakes, Asst. Atty. Gen., State Tax Dept., Bismarck, argued, for respondent by Robert W. Wirtz, State Tax Dept., Bismarck.

ERICKSTAD, Chief Justice.

On July 10, 1981, the plaintiffs, SunBehm Gas, Inc., A. G. Golden, and Deka Minerals, a partnership, (hereinafter the Taxpayers [1]) filed an application requesting this Court to exercise its original jurisdiction, under Article VI, Section 2 of the North Dakota Constitution, and to issue a writ of prohibition, under Chapter 32–35, N.D.C.C., against the defendant, John Steven Lesmeister, State Treasurer, restraining him from allocating or apportioning funds received under Initiated Measure No. 6 [approved by the voters on November 4, 1980 (S.L.1981, Ch. 649), and amended by the Forty-seventh session of the North Dakota Legislature]. Throughout this opinion whenever reference is made to Initiated Measure No. 6 it means as amended. On that same date, July 10, 1981, this Court entered a temporary restraining order directing the State Treasurer to refrain from making allocations or distributions of funds received under Initiated Measure No. 6 until further order of this Court; and entered a further order requesting that the parties appear on July 15, 1981, to show cause and present argument and reasons whether or not the restraining order should be continued.

During April, 1981, the Taxpayers filed an action [2] in the District Court of Stark County challenging the constitutionality of the oil extraction tax imposed by Initiated Measure No. 6. The action was dismissed by order of the district court, dated May 12, 1981, from which the Taxpayers filed an appeal with this Court which is currently pending as Civil No. 10013.

---

1. Although we collectively refer to the plaintiffs as "the Taxpayers" we note that pursuant to an affidavit of Arnold A. Burian, as acting Deputy Tax Commissioner, dated July 14, 1981, only SunBehm Gas, Inc. has made oil extraction tax payments to the office of the State Tax Commissioner under Initiated Measure No. 6.

2. The action referred to names the State Tax Commissioner as defendant whereas the instant case involves the State Treasurer.

The Taxpayers allege that, subsequent to filing their action in district court, they paid oil extraction taxes under Initiated Measure No. 6 pursuant to an understanding with the State Treasurer that he would neither allocate nor apportion such monies until a reasonable time had elapsed for an appeal to and decision by this Court from the district court order dismissing the constitutional challenge of Initiated Measure No. 6. The Taxpayers assert that the State Treasurer, in violation of his agreement with them, has decided to immediately allocate and apportion oil extraction tax monies received under Initiated Measure No. 6. The Taxpayers assert that these monies, if the State Treasurer is allowed to allocate and apportion them, may be unavailable for refund if the tax imposed by Initiated Measure No. 6 is declared to be unconstitutional. To secure the availability for refund of the oil extraction tax monies paid by them the Taxpayers request this Court, by exercising its original jurisdiction, to issue a writ of prohibition restraining the State Treasurer from allocating or apportioning oil extraction tax monies received pending a final determination of the appeal in the constitutional challenge action. We deny the Taxpayers' request to exercise original jurisdiction over this matter, we deny the request for a writ of prohibition, and we dissolve the temporary restraining order.

■ The power vested in this Court to issue original and remedial writs is a discretionary power which may not be invoked as a matter of right, and this Court will determine for itself in each case whether or not the matter is within the Court's original jurisdiction. *State ex rel. Vogel v. Garaas,* 261 N.W.2d 914 (N.D.1978). Generally, the exercise of this Court's original jurisdiction is limited to those cases in which the question presented is *publici juris,* wherein the sovereignty of the state, its franchises or prerogatives, or the liberties of its people are affected. *State ex rel. DeKrey v. Peterson,* 174 N.W.2d 95 (N.D.1970). Further-

more, this Court will generally not exercise its original jurisdiction to issue a writ on the application of a private relator unless the Attorney General has been requested to institute the proceedings and has refused to grant the request or has unreasonably delayed action thereon. *DeKrey, supra; State v. Omdahl,* 138 N.W.2d 439 (N.D. 1965).

■ We conclude that this matter does not warrant the exercise of this Court's original jurisdiction because it is not *publici juris.* This matter does not involve interests of the state which are primary,[3] rather than incidental; nor does it involve a question in which the public, the community at large, has an interest or right which may be affected. *State v. Omdahl,* 138 N.W.2d 439 (N.D.1965). We believe the precedent of *Omdahl, supra,* directly supports our conclusion.

In *Omdahl, supra,* the petitioner, acting on his own behalf as a taxpayer of this state and on behalf of all taxpayers similarly situated, requested this Court to issue a writ of prohibition against the State Tax Commissioner restraining him from collecting use taxes which he was allegedly without authority to collect. The petitioner, requesting additional relief, further alleged:

"... that, unless this court takes original jurisdiction and issues its prerogative writ restraining the respondent Walter Christensen, as State Treasurer, that officer will transfer monies collected as use taxes to the General Fund and that the relator thereby will be denied its rights." 138 N.W.2d at 441.

In refusing to exercise original jurisdiction this Court stated:

"It is well settled that the Supreme Court will not, however, exercise its original jurisdiction to vindicate mere private rights, regardless of how important those rights may be....

"Here, the relator brings this proceeding for itself and for others similarly situated. At best, all such parties are taxpay-

---

**3.** An action entitled State, or *State ex rel. v.* _____ generally gives some cue, not neces-

sarily convincing or conclusive, that the state has a genuine interest.

ers who contend that the taxes complained of are invalid and are being collected illegally. Thus the relator-taxpayer, or the group of taxpayers similarly situated, are the parties to the litigation and they represent in this proceeding, not the public, nor the State, nor the people of the State; they represent themselves as taxpayers and they bring this proceeding, not to vindicate any public rights, but to protect their own private interests." 138 N.W.2d at 442.

The Taxpayers in the instant case, like those in *Omdahl, supra,* are attempting to protect private, not public, interests. The Taxpayers are attempting to secure monies for a refund to which they may be entitled if the oil extraction tax imposed under Initiated Measure No. 6 is declared to be unconstitutional. The state treasury and the entire operation of state government would be in a precarious position if this Court were to restrain the authorized apportionment, allocation, or distribution of public monies by state officials on the mere assertion of private parties that they may, at some future date, be determined to have a right to those monies.

■ There is yet another reason that the Taxpayers are not entitled to a writ of prohibition against the State Treasurer. Pursuant to Section 32–35–01, N.D.C.C., a writ of prohibition:

"... arrests the proceedings of any tribunal, corporation, board, or person, when such proceedings are *without or in excess of the jurisdiction* of such tribunal, corporation, board, or person." (Emphasis added.)

Thus, a writ of prohibition is available only when the person or tribunal against whom it is sought is about to act without or in excess of its jurisdiction. *State ex rel. Link v. Olson,* 286 N.W.2d 262 (N.D.1979); *Mor-Gran-Sou Electric Cooperative, Inc. v. Montana-Dakota Utilities Company,* 160 N.W.2d 521 (N.D.1968); *Lynch v. District Court of Ward County,* 48 N.D. 431, 185 N.W. 303 (1921).

The provisions of Initiated Measure No. 6, until declared unconstitutional, are presumed to be valid and must be followed by the state officials charged with their performance. It is clear, therefore, that, pursuant to the authority given him under Initiated Measure No. 6 (S.L.1981, Ch. 649, § 7) and under Subsections 15 and 17 of Section 54–11–01, N.D.C.C., the State Treasurer has the jurisdiction, authority, and duty to apportion and allocate oil extraction tax monies received:

"*SECTION 7. ALLOCATION OF MONEYS IN OIL EXTRACTION TAX DEVELOPMENT FUND.* Moneys deposited in the oil extraction tax development fund shall be apportioned quarterly by the state treasurer as follows: ..." S.L.1981, Ch. 649, § 7.

"*54–11–01. Duties of state treasurer.* The state treasurer shall:

\*　　\*　　\*　　\*　　\*　　\*

"15. Keep and disburse all moneys belonging to the state in the manner provided by law.

\*　　\*　　\*　　\*　　\*　　\*

"17. Perform such other duties as are prescribed by law." 54–11–01(15), (17), N.D.C.C.

■ Accordingly, a writ of prohibition cannot be issued to restrain the State Treasurer from allocating or apportioning oil extraction tax monies which he is authorized and required to so do by law. This is so even if such acts were to constitute a breach of an agreement as has been alleged by the Taxpayers; a question which we do not decide today.

In accordance with this opinion, the request to exercise original jurisdiction is denied, the request to issue a writ of prohibition is denied, and the temporary restraining order issued by this Court on July 10, 1981, is hereby dissolved.

SAND, PAULSON and PEDERSON, JJ., and KERIAN, District Judge, concur.

KERIAN, District Judge, sitting in place of VANDE WALLE, J., disqualified.